UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD R. HUMPHREYS,<br><br>    Plaintiff,<br><br>v.<br><br>J. MARTINEZ, et al.,<br><br>    Defendants. | Case No. 20-cv-00357-HSG<br><br>**ORDER OF DISMISSAL** |

On January 16, 2020, petitioner filed a pleading with the Court that he titled "amended complaint." Dkt. No. 1. On the caption, he listed as defendants Rainer B CDCR officers Martinez, Serna, Perez, and Vasquez; and Lassen A CDCR officers Baldin, Cuevas, Maldonald, Rea, Baker, Estrada, Donaldson, Mauritus, Garcia, Hernandez, Lipatore and Merical. Dkt. No. 1 at 1. In the body of the pleading, plaintiff stated as follows:

> To Honorable Judge S. Gilliam, Jr.,
> Petitioner . . . is sueing (sic) C.D.C.R. officer M. Baldin for thirteen million dollars and A. Cuevas for one million dollars for theft of "legal mail" I'm sueing (sic) all other C.D.C.R. officers'' for seven thousand dollars each. I' (sic) suing C.D.C.R. Officer J. Maldonald for one hundred and fifty thousand dollars for stealing all my mail for three years. I ask the Court to take in all this evidence in to warrant the award amount from these C.D.C.R. officers!. (sic)

> Dear Honorable Judge S. Gilliam Jr.
> I don't get any mail from C.D.C.R. officer's (sic) M. Baldin and J. Maldonald they steal all my mail. Can I have a federal restraining order issued to both of these officers?. (sic) In Lassen "A" Building Office, I've enclosed restraining orders. Can the cost of these action be added to lawsuit for these two C.D.C.R. officers' to Pay !. (sic)

Dkt. No. 1 at 2. That same day, Plaintiff also filed (1) a form motion for a temporary restraining order, naming Officer Maldonald as the defendant, but leaving the rest of the form blank, with no indication as to what relief is being sought or why relief is necessary (Dkt. No. 2); (2) civil subpoenas for a personal appearance at trial or hearing directed towards officers Maldonald,

1 Baldin, Cuevas, Merical, and Lipatore (Dkt. No. 3); and (3) an unsigned form verification of
2 pleading to be used in California state civil cases (Dkt. No. 4).

3 The day these pleadings (Dkt. Nos. 1-4) were docketed by the Court, the Court informed
4 plaintiff that his action was deficient because he had not filed a complaint and had not either paid
5 the filing fee or submitted a complete application for leave to proceed *in forma pauperis*. Dkt.
6 Nos. 5-6. Plaintiff was ordered to correct these deficiencies by February 24, 2020. *Id.*

7 The deadline has passed and while plaintiff has submitted a complaint, *see* Dkt. No. 10, he
8 has not yet submitted a complete application for leave to proceed *in forma pauperis*. The *in forma*
9 *pauperis* application filed by plaintiff on February 24, 2020 lacks (1) the required certificate of
10 funds in prisoner's account completed and signed by an authorized officer at plaintiff's
11 correctional facility and (2) the required copy of plaintiff's prisoner trust account statement
12 showing transactions for the last six months. *See* Dkt. No. 11. Plaintiff has three requests for
13 extensions of time pending before this court, Dkt. Nos. 12, 14, 15, but none of these requests seek
14 an extension of time to complete his *in forma pauperis* application. Nor do any of these requests
15 warrant granting plaintiff leave to amend his complaint. The request for an extension of time filed
16 on February 27, 2020, requests an extension of time to file evidence and to add defendants to his
17 complaint. Dkt. No. 12. The request for an extension of time filed on March 26, 2020 requests an
18 extension of time to file his petition. Dkt. No. 14. The request for an extension of time filed on
19 April 16, 2020 requests an extension of time but does not specify what deadline he seeks to
20 extend. Dkt. No. 15.

21 After examining the record and considering plaintiff's prior litigation history with this
22 Court, the Court will DENY the requests for an extension of time and DISMISS this action for the
23 following reasons.

24 First, plaintiff has not shown good cause for any of his requests for an extension of time.
25 Plaintiff's request for an extension of time to file his petition or complaint (Dkt. No. 14) is
26 DENIED as moot because he filed a complaint on February 24, 2020 (Dkt. No. 10). Plaintiff's
27 request for an extension of time to file evidence and to add defendants to his complaint is
28 DENIED because the Court is not a repository for evidence and because plaintiff may not amend

his complaint piecemeal by adding defendants in later pleadings. Dkt. No. 12. To the extent that this request could be construed as a request for an extension of time to amend his complaint, such a request is DENIED as moot because the complaint has not yet been served so there is no deadline pending with respect to filing an amended complaint. Fed. R. Civ. P. 15(a)(1) (allowing for amendment of a pleading once as a matter of course within twenty-one days after service or after service of a responsive pleading or motion under Fed. R. Civ. P. 12(b), (e), or (f)). Plaintiff's April 16, 2020 request for an extension of time is DENIED because it does not specify what deadline he seeks to extend. Dkt. No. 15.

Second, plaintiff's complaint, filed on February 24, 2020, fails to state a cognizable Section 1983 claim for relief. In the complaint, plaintiff names as defendants officers Martinez, Serna, M. Perez, Vasquez, Baldin, Maldonald, Cuevas, Baker, Rea, Lipatore, Estrada, Mauritus, Marcil, Martin, Ray, Hernandez, Garcia, Donaldson, and Z. Perez. *See* Dkt. No. 10 at 2. On the caption of the complaint, plaintiff also lists officers Broadstreet, McGriff, Sanchez, and Merkel as defendants. The complaint alleges that officers Z. Perez, Broadstreet, Sanchez, and Merkel have been stealing all of plaintiff's personal mail; have stolen his mint stamps from Woody Clark and his Don Lewis stamp catalog; and have stolen three months of Rolling Stone magazines, three months of his worker newsletter, and three months of his FLCA newsletters. He alleges that he is not even receiving his notifications of changes to Title 15, and that no mail comes under his door. Dkt. No. 10. The complaint does not specify when plaintiff's mail was stolen. The complaint's allegations are too vague to state a claim for relief against Z. Perez, Broadstreet, Sanchez, and Markel because it is unclear when these events happened. The complaint does not mention the remaining named defendants, much less explain how these correctional officers violated plaintiff's constitutional rights. The complaint fails completely to state any claims against the remaining named defendants.

Third, it appears likely that plaintiff is using this action to inform the Court of claimed violations as they happen, and is not complying with the appropriate requirements for seeking relief for constitutional violations, such as the pleading requirements set forth in Fed. R. Civ. P. 8 or the exhaustion of administrative remedies requirement. The Court is mindful of plaintiff's prior

3

litigation history with this court. *See Humphreys v. Binkele, et al.*, C No. 17-5628 HSG ("*Humphreys I*"). In the operative complaint in *Humphreys I*, plaintiff alleged that, between July 2018 and February 2019, correctional officers Baldin, Maldonald, Cuevas, and Lipatore were stealing his mail. *Humphreys I*, Second Am. Compl. (Feb. 22, 2019) [Dkt. No. 55]. The Court dismissed *Humphreys I* because it was clear from the face of the second amended complaint that plaintiff had not exhausted his administrative remedies with respect to these claims. *Humphreys I*, Order of Dismissal (Nov. 12, 2019) [Dkt. No. 71]. *Humphreys I* was dismissed without prejudice to plaintiff filing a new, separate action upon exhausting his administrative remedies with respect to the claims set forth in the operative complaint in *Humphreys I*. *Id.* In *Humphreys I*, plaintiff filed notices, declarations, and other pleadings in the record to report alleged constitutional violations as they occurred. *See Humphreys I*, Dkt. Nos. 17, 22-24, 26, 31, 36, 39, 41, 43, 44, 52, 53, 58-60. Here, in the instant action, it is unclear if plaintiff has exhausted the claims raised in his complaint docketed at Dkt. No. 10, and plaintiff appears to be again filing declarations to report alleged constitutional violations as they occur. Dkt. Nos. 8, 9.

Accordingly, this action is DISMISSED for failure to file a complete *in forma pauperis* application.[1] This dismissal is without prejudice to plaintiff filing a motion to reopen this action. Any motion to reopen must be accompanied by the following: (1) a complete *in forma pauperis* application which includes the required certificate of funds in prisoner's account completed and signed by an authorized officer at plaintiff's correctional facility and the required copy of plaintiff's prisoner trust account statement showing transactions for the last six months; and (2) a proposed complaint that clearly sets forth how each named defendant violated plaintiff's constitutional rights by providing details as to when the alleged constitutional violation took place and details regarding the alleged constitutional violation sufficient to state a cognizable claim for

---

[1] Plaintiff has three requests for extensions of time pending before this court, Dkt. Nos. 12, 14, 15, but none of these requests seek an extension of time to complete his *in forma pauperis* application. Nor do any of these requests warrant granting plaintiff leave to amend his complaint. The request for an extension of time filed on February 27, 2020, requests an extension of time to file evidence and to add defendants to his complaint. Dkt. No. 12. The request for an extension of time filed on March 26, 2020 requests an extension of time to file his petition. Dkt. No. 14. The request for an extension of time filed on April 16, 2020 requests an extension of time but does not specify what deadline he seeks to extend. Dkt. No. 15.

relief (i.e., on this particular date, this named defendant took this particular piece of mail).

This action is DISMISSED without prejudice. The Clerk is directed to terminate all pending motions as moot and close this case.

**IT IS SO ORDERED.**

Dated: 4/28/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge